# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANTHONY JACKSON,

    Petitioner,

v.                                                                                    Civil Action No. 1:14-cv-83
                                                                                            (Judge Keeley)

RUSSELL A. PERDUE,

    Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On May 14, 2014, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. On May 16, 2014, he paid the $5.00 filing fee. The petitioner is a federal inmate housed at FCI Gilmer and is challenging the validity of his conviction and sentence imposed by the United States District Court for the Eastern District of Pennsylvania. This matter is pending before the undersigned for a Report and Recommendation.

### II. FACTS[1]

On September 25, 2003, a federal grand jury indicted Jackson on four-counts. After a superseding indictment was returned on March 23, 2004, a second superseding indictment was issued on August 5, 2004, which charged petitioner with four counts: (1) possession with intent to distribute more than five grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); (2) possession with intent to distribute more than five grams of crack cocaine within 1,000 feet of a school, in violation of 21 U.S.C. § 860(a); (3) possession of a firearm in furtherance

---

[1] The recitation of the factual history of the petitioner's conviction and sentence is taken from the Memorandum of Judge Michael M. Baylson entered on April, 27, 2010, available on Pacer. See 2:03-cr-642 (Entry Number 149).

of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and (4) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

On November 3, 2004, a jury for the Eastern District of Pennsylvania found the petitioner guilty of the two crack cocaine counts, and not guilty as to the two firearm counts. On February 9, 2005, the Court for the Eastern District of Pennsylvania held a sentencing hearing, and determined that petitioner's prior convictions qualified him as a Career Offender, for which the applicable sentencing guidelines range provided for 262 to 327 months incarceration. Subsequently, the Court sentenced petitioner to a 300-month term of imprisonment, an 8-year period of supervised release, a $1,000 fine, and a $100 special assessment, for each of the counts, to be served concurrently.

Jeanne Damirgian, petitioner's attorney, filed an appeal of the petitioner's conviction and sentence with the Third Circuit. On April 5, 2006, the Third Circuit affirmed petitioner's conviction for violating 21 U.S.C. § 860, but vacated his conviction for violating 21 U.S.C. § 841 on the ground that the latter conviction should have merged with the 21 U.S.C. § 860 conviction as a lesser-included offense. On May 31, 2006, upon remand for resentencing, and after merging the two counts for which petitioner was convicted, the Court again imposed a 300-month term of imprisonment, an 8-year period of supervised release, a $1,000 fine, and a $100 special assessment fee, resulting in a net $100 decrease in the special assessment from the original sentence.

On May 4, 2007, the Eastern District of Pennsylvania denied petitioner's letter request to modify his sentence by discharging the imposed fine. On June 25, 2007, while his appeal from that decision was pending, petitioner, although still represented by counsel, filed his first *pro se* § 2255 Motion. On May 22, 2008, the Court denied that § 2255 Motion as prematurely filed. On December 9, 2008, the Third Circuit denied petitioner's direct appeal.

On November 10, 2009, petitioner filed his second § 2255 Motion *pro se* with the Eastern District of Pennsylvania. On April 27, 2010, his § 2255 Motion was denied. On May 27, 2010, petitioner filed a Notice of Appeal with the Third Circuit which was dismissed on December 8, 2010.

On May 14, 2014, petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 with this Court. The petitioner attacks the validity of his conviction via a § 2241 petition in which he asserts that he is "actually/factually innocent of the Career Offender enhancement under 4B1.1 of the United States Sentencing Guidelines." (Docket No. 1 at 39.)

## II. ANALYSIS

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his detention. However, the two sections are not interchangeable. Section 2255 is the appropriate method for a federal prisoner to challenge his conviction or the imposition of his sentence. Adams v. United States, 372 F.3d 132, 134 (2nd Cir. 2004); see In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000). Conversely, Section 2241 is the proper method for challenging the execution of a sentence. Adams at 135; see In re Jones, at 332-33. In a § 2241 petition, a prisoner may seek relief from the administration of his parole, computation of his sentence, disciplinary actions taken against him, or the type of detention and conditions in the facility where he is housed. Adams at 135.

In his petition, the petitioner attacks the validity of his sentence rather than the means of execution and seeks an order vacating "his 300-month sentence as being substantially illegal as imposed and resentence him to a non-career offender term of imprisonment..." (Document No. 1, p. 8). Accordingly, it is the type of challenge that ordinarily must be brought under § 2255 and not § 2241. A federal prisoner attacking the validity of his conviction or sentence may utilize the

provisions of § 2241, but only when § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). The law is clearly developed, however, that merely because relief has become unavailable under §2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the §2255 remedy is inadequate or ineffective. *In re Vial*, at 1194. Moreover, in *Jones*, the Fourth Circuit held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Therefore, the remedy provided under § 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under § 2241. Based on the language in Jones it is clear the Fourth Circuit contemplated a situation in which a prisoner is imprisoned for an offense which is no longer a crime. Here, petitioner does not argue that he is imprisoned for an offense which is no longer a crime. Rather, relying on Alleyne v United States, 133 S.Ct. 2151 (2013) and Descamps v. United States, 133 S. Ct. 2276 (2013), petitioner argues that he was improperly sentenced under 4B1.1 of the United States Sentencing Guidelines. More specifically, petitioner argues that at the time of his conviction, the settled law of the Third Circuit was such that his prior Pennsylvania Simple Assault conviction was considered a "crime of violence" for recidivist purposes but no longer qualifies under the holdings of Alleyne and Descamps.

4

Fundamentally, "Fourth Circuit precedent does not support the extension of the savings clause to petitioners who challenge only their sentences." Petty v. O'Brien, 2012 WL 509852 (N.D. W.Va. Feb. 15, 2012) (citing United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008)). Rather, the § 2255 savings clause is "confined to instances of actual innocence of the underlying offense of conviction," not just "innocence" of a sentencing factor. Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011) (per curiam) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender). Here, the petitioner does not assert that the conduct for which he was actually convicted is no longer criminal. See In re Jones, 226 F.3d at 334.

Accordingly, relying on the decision in Petty, and the guidance of the Fourth Circuit in Darden, the undersigned concludes that the petitioner's Alleyne argument fails to state a cognizable § 2241 claim. See also Little v. Hamidullah, 177 F. App'x 375, 375-76 (4th Cir. 2006): Green v. Hemingway, 67 F. App'x 255, 257 (6th Cir. 2003) ("Even if it is assumed that [Petitioner]'s allegations are true, the 'actual innocence' exception of the savings clause of § 2255, as it has been interpreted by this Court, is actual innocence of the underlying, substantive offense, not innocence of a sentencing factor.") (internal quotations omitted); Kinder v. Purdy, 222 F.3d 209, 213-14 (5th Cir. 2000) (holding that § 2241 is not available where a petitioner "makes no assertion that he is innocent of the crime for which he was convicted"); White v. Rivera, 518 F.Supp.2d 752, 757 n.2 (D.S.C. 2007), aff'd 262 F. App'x 540 (4th Cir. 2008) ("Furthermore, his 'actual innocence' argument concerning an enhancement does not entitle him to relief under § 2241, as it 'is not the type of argument that courts have recognized may warrant review under § 2241.'"); Boynes v. Berkebile, 2012 WL 1569563 (S.D. W.Va. May 1, 2012).

Furthermore, the petitioner's attempt to invoke the holding in Alleyne is misplaced. In Alleyne, a defendant was convicted by a jury of using or carrying a firearm in relation to a crime of violence under § 924(c)(1)(a). Alleyne v. United States, 133 S.Ct. 2151 (2013). At sentencing, the district judge determined that the defendant had brandished the firearm and sentenced the defendant to a seven-year sentence based upon a mandatory minimum in accordance with the brandishing finding. The United States Supreme Court held that the brandishing determination by the sentencing judge was improper because any factual issue triggering a statutory mandatory minimum sentence must be submitted to a jury, rather than determined by a judge at sentencing, because "the core crime and the fact triggering the mandatory minimum sentence together constitute a new aggravated crime, each element of which must be submitted to a jury." Id. at 2162.

This decision extended the Supreme Court's prior holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), in which the Court found that any fact which increases the statutory maximum penalty for a crime as applicable to a specific defendant must be submitted to and decided by a jury. See Simpson v. United States, 721 F.3d 875 (7th Cir. 2013) (noting that Alleyne is an extension of Apprendi).

The substance of the petitioner's argument is that he was sentenced to 300 months based on the sentencing court's determination of prior convictions. Accordingly, the petitioner argues that his sentence should either be vacated or remanded back to the District Court for sentencing consistent with the decision in Alleyne. However, a number of courts that have considered this issue have thus far found that Alleyne, in that it is a mere extension of Apprendi, is not intended to be retroactively applied. See Simpson v. United States, 721 F.3d 875 (7th Cir. 2013); United States v. Reyes, 2013 WL 4042508 (E.D.Pa. August 8, 2013); United States v. Eziolisa, 2013 WL 3812087

6

(S.D. Ohio July 22, 2013); United States v. Stanley, 2013 WL 3752126 (N.D. Okla. July 16, 2013); Affolter v. United States, 2013 WL 4094366 (E.D. Mo. July 26, 2013).

Furthermore, in Apprendi, the Supreme Court specifically noted in its findings that "any fact (**other than prior conviction**) which increases the maximum penalty for a crime must be . . . submitted to a jury." Apprendi at 476 (emphasis added). That the existence of prior convictions need not be submitted to a jury was further explained in Almendarez-Torres v. United States, 523 U.S. 224 (1998), in which the Court affirmatively determined that the fact of a prior conviction may be determined by a sentencing judge. The Court in Alleyne specifically declined to reconsider or overrule the decision in Almendarez v. Torres. 133 S.Ct. at 2160 n.1. Therefore, Almendarez-Torres remains good law, and Alleyne is not applicable to petitioner's argument in this matter.

Likewise, petitioner's reliance on Descamps is unavailing. In Descamps, the Supreme Court held that when determining whether a prior conviction qualifies as a predicate offense under the Armed Career Criminal Act ("ACCA"), "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." 133 S. Ct. at 2282. Petitioner, however, was sentenced as a career offender under U.S.S.G. § 4B1.1, not as an armed career criminal under the ACCA. Accordingly, Descamps is inapplicable to his claim.[2]

### IV. **RECOMMENDATION**

---

[2]As determined by Fourth Circuit precedent, the undersigned has found no merit in petitioner's assertion that he is entitled to relief under § 2241. Accordingly, no analysis has been made of the petitioner's alternative request that this matter be transferred to the court of conviction.

For the foregoing reasons, the undersigned recommends that the petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **DENIED WITH PREJUDICE**. It is further recommended that petitioner's Motion for Expedited Review (Doc. 3) be **DENIED AS MOOT**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendations. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: July 28, 2014

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE