IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ANTHONY JACKSON,**

        **Petitioner,**

**v.**                                         //     CIVIL ACTION NO. 1:14CV83
                                                         (Judge Keeley)

**RUSSELL A. PERDUE, Warden,**

        **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 11],
DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE,
AND DENYING AS MOOT THE MOTION FOR EXPEDITED
PRELIMINARY REVIEW [DKT. NO. 3]**

The pro se petitioner, Anthony Jackson ("Jackson"), filed his Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("the Petition") on May 14, 2014 (Dkt. No. 1). Jackson, who is currently incarcerated at Federal Correctional Institution Gilmer ("FCI Gilmer"), challenges the validity of his conviction in the Eastern District of Pennsylvania for possession with intent to distribute narcotics within 1,000 feet of a school, in violation of 21 U.S.C. § 860. Jackson also filed a Motion for Expedited Preliminary Review on May 14, 2014 (Dkt. No. 3).

On July 28, 2014, United States Magistrate Judge John S. Kaull ("Magistrate Judge Kaull") filed a Report and Recommendation ("R&R") in which he recommended that the Court deny the petition with prejudice and deny the motion as moot. For the following reasons, the Court

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 11], DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE, AND DENYING AS MOOT THE MOTION FOR EXPEDITED PRELIMINARY REVIEW [DKT. NO. 3]**

1) **DENIES AS MOOT** the Motion for Expedited Review (Dkt. No. 3);

2) **ADOPTS** the R&R (Dkt. No. 11); and

3) **DISMISSES** the Petition (Dkt. No. 1) **WITH PREJUDICE**.

### I. Procedural History

On August 5, 2004, Jackson was charged in a second superseding indictment with the following four counts: (1) possession with intent to distribute more than five (5) grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); (2) possession with intent to distribute more than five (5) grams of crack cocaine within 1,000 feet of a school, in violation of 21 U.S.C. § 860(a); (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and, (4) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

On November 3, 2004, a jury convicted Jackson of the drug counts and acquitted him of the firearm counts. On February 9, 2005, the trial court concluded that Jackson's prior convictions qualified him for career offender status and sentenced him to 300 months of imprisonment, 8 years of supervised release, a $1,000

**JACKSON V. PERDUE**  1:14CV83

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 11],
DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE, AND
DENYING AS MOOT THE MOTION FOR EXPEDITED
PRELIMINARY REVIEW [DKT. NO. 3]**

fine, and a $100 mandatory special assessment for each of the two counts, to run concurrently.

After Jackson appealed his conviction and sentence, the United States Court of Appeals for the Third Circuit, on April 5, 2006, affirmed his conviction for possession with intent to distribute crack cocaine within 1,000 feet of a school, but vacated his conviction for the lesser included offense of possession with intent to distribute crack cocaine.  On remand, the trial court resentenced Jackson to 300 months of imprisonment, 8 years of supervised release, a $1,000 fine, and a $100 special assessment fee on May 31, 2006. The net result of merging the two counts was a reduction of $100 in the amount of special assessment owed by Jackson.

On May 4, 2007, the trial court rejected Jackson's request to discharge his $ 1,000 fine, a decision he then appealed.  While that appeal was pending, on June 25, 2007, Jackson filed a pro se motion pursuant to 28 U.S.C. § 2255.  On May 22, 2008, the trial court denied this motion as prematurely filed.  Subsequently, on December 9, 2008, the Third Circuit denied Jackson's appeal of his fine.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 11], DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE, AND DENYING AS MOOT THE MOTION FOR EXPEDITED PRELIMINARY REVIEW [DKT. NO. 3]**

Jackson filed his second pro se § 2255 motion with the trial court on November 10, 2009. His motion advanced four arguments supporting a claim of ineffective assistance of counsel. First, he alleged that his attorney had failed to obtain a plea offer favorable to him. Second, he alleged that his attorney had failed to challenge his drug charges or to seek a lesser included offense instruction. Third, he contended that she had failed to challenge his career offender classification and to object to the two-level enhancement for possession of a dangerous weapon. Finally, he alleged that she had failed to raise a Fourth Amendment claim and to seek a decrease in his sentence based on the United States Sentencing Guideline ("U.S.S.G.") amendments for crack cocaine offenses. (Dkt. No. 1-1 at 6). On April 27, 2010, the trial court denied Jackson's petition, finding that it failed to meet the standard for ineffective assistance of counsel articulated in Strickland v. Washington, 466 U.S. 668 (1984).

On May 24, 2010, Jackson filed a Rule 59(e) motion to set aside his judgment and sentence, which the trial court denied on July 13, 2010. The Third Circuit then denied Jackson's application for a certificate of appealability on December 8, 2010, and the

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 11], DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE, AND DENYING AS MOOT THE MOTION FOR EXPEDITED PRELIMINARY REVIEW [DKT. NO. 3]**

---

Supreme Court of the United States denied Jackson's petition for writ of certiorari on October 3, 2011.

## II. Standard of Review[1]

On May 14, 2014, Jackson filed the instant § 2241 petition, asserting that he is actually innocent of the career offender enhancement under U.S.S.G. § 4B1.1. Jackson seeks to have his sentence vacated and recalculated without the career offender enhancement.

---

[1] Although the concept of actual innocence in a §2255 petition generally refers to actual factual innocence of the offense of conviction, the Supreme Court has held that petitioners may establish actual innocence in the context of capital sentencing. Sawyer v. Whitley, 505 U.S. 333, 350 (1992). Some circuits have interpreted the Supreme Court holding as limiting actual innocence claims strictly to the sentencing phase of capital cases, while others, including the Fourth Circuit, have extended the application to §2255 petitions in the context of habitual offender enhancements. Compare United States v. Richards, 5 F.3d 1369, 1371 (10th Cir. 1993), with United States v. Mikalajunas, 186 F.3d 490, 494-5 (4th Cir. 1999).

The Fourth Circuit has stressed that "actual innocence applies in non-capital sentencing only in the context of eligibility for application of a career offender or other habitual offender guideline provision." Mikalajunas, 186 F.3d at 495. A petitioner "claiming actual innocence of a sentencing factor . . . [is] held to a much higher standard than [one] claiming actual innocence of the underlying crime," and "must do so by 'clear and convincing evidence.'" White v. Rivera, 2009 WL 1456712 (D.S.C. May 21, 2009) aff'd sub nom. White v. United States, 348 Fed. Appx. 868 (4th Cir. 2009) (citations omitted).

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 11], DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE, AND DENYING AS MOOT THE MOTION FOR EXPEDITED PRELIMINARY REVIEW [DKT. NO. 3]**

On review of a magistrate judge's R&R pursuant to 28 U.S.C. § 636, a court reviews de novo only that portion of the R&R to which a timely objection has been made. 28 U.S.C. § 636(b)(1)(C). Courts will uphold those portions of a recommendation as to which no objection has been made, unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Because Jackson filed objections to the R&R, the Court will review the R&R de novo.

### III. Discussion

Concerning his allegation that he is "actually innocent" of the career offender classification, but not of his underlying conviction, Jackson argues that, following the decision of the Third Circuit in United States v. Johnson, 587 F.3d 203, 210-212 (3d Cir. 2009), his conviction under Pennsylvania's Simple Assault Statute ("PSAS"), 18 Pa.C.S. § 2701(a)(1), is no longer a "violent crime" for the purposes of U.S.S.G. § 4B1.1. Relying on Descamps v. United States, 133 S.Ct. 2276 (2013), Jackson contends that the PSAS is an indivisible statute, and, thus, the sentencing court

**JACKSON V. PERDUE**                                                1:14CV83

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 11],
DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE, AND
DENYING AS MOOT THE MOTION FOR EXPEDITED
PRELIMINARY REVIEW [DKT. NO. 3]**

erroneously used the modified categorical approach to enhance his sentence.[2]

A.

A petitioner generally uses § 2241 to challenge the execution of his sentence, not the illegality of the sentence itself. In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000). Rather, a petitioner may use § 2255 to challenge his conviction or the imposition of his sentence. Id.

A petitioner may only use § 2241 to challenge his sentence under the § 2255(e) savings clause when a § 2255 petition would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). Pursuant to In Re Vial, in the Fourth Circuit, a petitioner must meet the following criteria to establish that § 2255 would afford an inadequate or ineffective remedy:

---

[2] According to Descamps, a statute that does not contain alternative elements is an "indivisible" statute. 133 S. Ct. at 2281. When a defendant is convicted under such a statute, a court may not use the "modified categorical approach"—using limited documents, such as the charging document and transcript of plea colloquy, to determine under which element of the statute the defendant was convicted—to determine if the defendant was convicted of a violent felony. Id. Pennsylvania's Simple Assault Statute criminalizes "intentionally, knowingly, or recklessly" attempting to cause bodily injury. 18 Pa.C.S. 2701(a) (1996).

**JACKSON V. PERDUE**                                                         **1:14CV83**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 11], DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE, AND DENYING AS MOOT THE MOTION FOR EXPEDITED PRELIMINARY REVIEW [DKT. NO. 3]**

> (1) [A]t the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34. Section 2255 is not rendered inadequate or ineffective because of "a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal." Phillips v. Francis, 2009 WL 779040 (N.D.W. Va. Mar. 23, 2009), aff'd, 332 Fed. Appx. 103 (4th Cir. 2009) (citing Vial, 115 F.3d at 1194 n. 5).

Although Jackson argues that Johnson changed substantive law in the Third Circuit, Johnson does not provide the change in law necessary to open the door to the savings clause. Before Johnson, the Third Circuit had explicitly established the legality of classifying any form of simple assault under the PSAS as a violent crime for the purpose of a career offender enhancement, whether the conduct was knowing, intentional, or reckless. See United States v. Dorsey, 174 F.3d 331, 333 (3d Cir. 1999).

**JACKSON V. PERDUE**                                                1:14CV83

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 11],
DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE, AND
DENYING AS MOOT THE MOTION FOR EXPEDITED
PRELIMINARY REVIEW [DKT. NO. 3]**

The Supreme Court changed that analysis in Begay v. United States, 553 U.S. 137, 142 (2008), holding that, to qualify as a crime of violence in the context of the Armed Career Criminal Act ("ACCA"),³ 18 U.S.C. § 924(e), the crime "must (1) present a serious potential risk of physical injury **and** (2) be 'roughly similar, in kind as well as degree of risk posed, to the examples [burglary, arson, extortion, or use of explosives] themselves.'" Johnson, 587 F.3d at 208 (quoting United States v. Polk, 577 F.3d 515, 518 (3d Cir.2009) (emphasis and alteration in original)). Thus, a crime of violence must be "purposeful, violent, and aggressive," as the crimes listed in the ACCA. Begay, 553 U.S. at 144-45.

In United States v. Marrero, 743 F.3d 389, 395 (3d Cir. 2014), the Third Circuit interpreted Begay to mean that "'a conviction for mere recklessness cannot constitute a crime of violence' under the residual clause." Thus, "only 'an intentional or knowing violation

---

³ "We have recognized that the definitions of 'violent felony' in [the ACCA] and 'crime of violence' in the Guidelines are 'close enough that precedent under the former must be considered in dealing with the latter.' Johnson, 587 F.3d at 208 n. 5 (quoting United States v. Polk, 577 F.3d 515, 519 n. 1 (3d Cir.2009)).

**JACKSON V. PERDUE**  1:14CV83

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 11], DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE, AND DENYING AS MOOT THE MOTION FOR EXPEDITED PRELIMINARY REVIEW [DKT. NO. 3]**

of [the PSAS] may qualify as a crime of violence "in the ordinary case."'" Id. (quoting Johnson, 587 F.3d at 210-212).

In Jackson's case, the sentencing court on February 9, 2005 would not have had the benefit of Begay, Johnson, or Marrero to know that, in determining whether Jackson's simple assault conviction was a crime of violence under the ACCA, it was authorized to use a modified categorical approach[4] only where Jackson had been convicted of either a knowing or intentional simple assault. Nor does the record before the Court establish whether, at sentencing, the government met or attempted to meet its burden of establishing the requisite level of intent to justify use of a modified categorical approach.

B.

Jackson, in any case, cannot use § 2255(e)'s savings clause to litigate this issue because his claim does not satisfy the gatekeeping provisions of § 2255. The Third Circuit has held that the Supreme Court's decision in Begay was not a "new rule of law" that would allow a § 2255 petitioner to file a successive petition.

---

[4] The Third Circuit has held that the PSAS is a divisible statute because it "list[s] potential offense elements in the alternative," and the modified categorical approach does apply. Descamps, 133 S.Ct. at 2283.

10

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 11],
DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE, AND
DENYING AS MOOT THE MOTION FOR EXPEDITED
PRELIMINARY REVIEW [DKT. NO. 3]**

See United States v. Kenney, 391 Fed. Appx. 169, 171 (3d Cir. 2010) (unpublished) (Kenney II). The petitioner in Kenney II previously had been convicted of possession of contraband by an inmate. Id. at 170. The trial court had sentenced him as a career offender after determining that his crime of conviction was a "crime of violence" under U.S.S.G. § 4B1.2(a), a determination affirmed by the Third Circuit in United States v. Kenney, 310 F.3d 135 (3d Cir. 2002) (Kenney I). Id. Kenney's direct appeal and first habeas petition had been unsuccessful. Id. at 171. After the Supreme Court's decision in Begay, however, the Third Circuit, in United States v. Polk, 577 F.3d 515, 520 (3d Cir. 2009) (abrogating Kenney I), held that a conviction under the statute prohibiting possession of contraband by an inmate is not a crime of violence for purposes of the Career Offender guidelines, and, therefore, that the opinion in Kenney I was no longer good law. Id.

Despite its decision in Polk, 577 F.3d at 520, in Kenney II the Third Circuit held that the petitioner could not file a successive petition to set aside his conviction because he neither produced any newly discovered evidence to show that he was innocent of the underlying offense, nor established that his claim was based

**JACKSON V. PERDUE**  1:14CV83

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 11], DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE, AND DENYING AS MOOT THE MOTION FOR EXPEDITED PRELIMINARY REVIEW [DKT. NO. 3]**

on a "new rule of constitutional law." Kenney II, 391 Fed. Appx. at 171-72. Because Begay addressed a rule of statutory interpretation, and not constitutional law, the court in Kenney II had held that it would not be considered a "new rule of constitutional law" applicable retroactively to cases on collateral review. Kenney II, 391 Fed. Appx. at 172.

The Third Circuit further explained that, even if permissible, Kenney's motion would still be insufficient to challenge his sentence under § 2241. Id. at 172. Although the Third Circuit permits petitioners to utilize § 2241 "to challenge a conviction for a crime that was negated by an intervening change in the law," it is only available in those "'rare situations' where the crime of conviction was later deemed non-criminal," and not for "intervening changes in the sentencing law." Id. (quoting In re Dorsainvil, 119 F.3d 245, 247 (3d Cir. 1997), and Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2000)).

Here, Jackson, like Kenney, is "claiming legal insufficiency-that he did not meet the legal definition of a career offender-not actual innocence." Id. at 172. However, he cannot show that this is one of those "rare situations" where use of

12

**JACKSON V. PERDUE**                                                1:14CV83

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 11], DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE, AND DENYING AS MOOT THE MOTION FOR EXPEDITED PRELIMINARY REVIEW [DKT. NO. 3]**

§ 2241 is justified to challenge his sentence because his crime of conviction-simple assault-is still a crime. 18 Pa.C.S. § 2701(a)(1). See Selby v. Scism, 453 Fed. Appx. 266, 267-68 (3d Cir. 2011) (unpublished) (stating that the petitioner could not use § 2241 to claim that his conviction under the PSAS was improperly enhanced using a career offender status because the conduct underlying his offense is still criminal).

The Fourth Circuit has similarly "confined the § 2255 savings clause to instances of actual innocence of the underlying offense of conviction," Darden v. Stephens, 426 Fed. Appx. 173, 174 (4th Cir. 2011)(per curiam), and has declined to extend it to "petitioners challenging only their sentence." United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008). Moreover, the strong preference is that sentencing courts should generally address sentencing errors under § 2255. United States v. Frady, 456 U.S. 152, 182 n. 5 (1982) ("[Section] 2255 directs the prisoner back to the court that sentenced him"). Only "in very limited circumstances" can a distant federal court entertain a challenge to another district court's actions. Poole, 531 F.3d at 267.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 11], DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE, AND DENYING AS MOOT THE MOTION FOR EXPEDITED PRELIMINARY REVIEW [DKT. NO. 3]**

Here, Jackson does not challenge his conviction but rather the application of the career offender enhancement to his sentence. Consequently, "his 'actual innocence' argument concerning an enhancement does not entitle him to relief under § 2241, as it 'is not the type of argument that courts have recognized may warrant review under § 2241.'" White v. Rivera, 518 F.Supp.2d 752, 757 n. 2 (D.S.C. 2007), aff'd 262 Fed. Appx. 540 (4th Cir. 2008) (citations omitted). The holdings in Poole and Darden confirm that § 2241 is not the appropriate vehicle for this claim.

That said, Jackson's challenge to his sentence still may be brought as a § 2255 petition. In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000). Indeed, his attack on his sentence is the type of challenge ordinarily brought under § 2255. Id.; see Dkt. No. 1 at 8. Because Jackson has already filed two § 2255 motions within the Third Circuit, however, his petition may be barred by the gatekeeper provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244(a). The proper venue for determining that, however, is in the trial court and the Third Circuit, and not this Court. Frady, 456 U.S. at 182 n. 5

JACKSON V. PERDUE                                                1:14CV83

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 11],
DENYING THE PETITION [DKT. NO. 1] WITH PREJUDICE, AND
DENYING AS MOOT THE MOTION FOR EXPEDITED
PRELIMINARY REVIEW [DKT. NO. 3]**

(1982) ("[Section] 2255 directs the prisoner back to the court that sentenced him").

**IV.**

Therefore, for the reasons discussed, the Court **OVERRULES** the objections, **ADOPTS** the R&R, **DISMISSES** Jackson's Petition **WITH PREJUDICE**, and **DENIES AS MOOT** the Motion for Expedited Preliminary Review.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the pro se plaintiff, return receipt requested, and to enter a separate judgment order.

DATED: December 5, 2014.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE